UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-07 |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| DURAN LEE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 22, 2014, for a motion hearing on appointed defense counsel's Motion to Substitute Counsel [Doc. 16], filed on May 14, 2014. Assistant United States Attorney Caryn Hebets was present representing the Government. Attorney Paula Voss was present representing the Defendant, who was also present.

In her motion, Attorney Voss states that a conflict of interest has arisen between the Defendant's case and that of another defendant also represented by Attorney Voss' firm. During the hearing, Attorney Voss verified that an actual conflict of interest exists, requiring her firm to withdraw from both cases. The Defendant verified to the Court that he understood that an actual conflict of interest exists between him and his counsel and that he would need to be appointed a new attorney. The Government had no objections to the instant motion.

In light of Attorney Voss' actual conflict of interest in her continued representation of the Defendant, the Court finds good cause exists to allow Attorney Voss to withdraw as counsel of record for the Defendant. Accordingly, the Court finds defense counsel's Motion to Substitute

1

Counsel [**Doc. 16**] to be well-taken, the same is **GRANTED**, and Attorney Voss is relieved as counsel for the defendant. See Wheat v. United States, 486 U.S. 153, 160 (1988) (holding that a court may disqualify the defendant's counsel, even when the defendant offers to waive any conflict, because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings); Glasser v. United States, 315 U.S. 60, 70 (1942) (holding that the Sixth Amendment right to counsel encompasses the right to have an attorney without a conflict), superseded by rule on another issue Bourjaily v. U.S., 483 U.S. 171, 181 (1987).

The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Timothy Gudmundson was present at the hearing and agreed to represent the Defendant in this case. Accordingly, the Court hereby **SUBSTITUTES and APPOINTS** Attorney Gudmundson under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for the Defendant. Attorney Voss is **DIRECTED** to turn over the Defendant's file and any discovery to Attorney Gudmundson.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge